UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CROTEAU, CHRISTOPHER )
LENNEY, JAMES MCCUSKER, MICHAEL )
PERCIBALLI, DENNIS ROGERS, WILLIAM )
LUPPOLD, KENNETH DELANEY, DAVID )
WELCH, JOSEPH WALKER, JULIE DRISCOLL, )
JOSEPH ERACLEO, DONALD PICK, )
GUTHRIE, MARK CHAMBERS, JOEL GAGNE, )
GREGORY MARHAND, CHRISTOPHER )
RICARD, MARC PROIA, JAMES PELOQUIN, )
RONALD PAULAUSKUS, HERVEY COTE, )
STEVEN KEINS, DANIEL O'DONNELL, JR., )
SCOTT HYDER, and ALL OTHERS SIMILARLY )
SITUATED, )
      Plaintiffs )
 )   Civil Action No.
V. )
 )
TOWN OF WESTFORD and )
WESTFORD POLICE DEPARTMENT )
      Defendants )
_____)

## COMPLAINT

1. This action is brought by twenty-four (24) current employees of the Westford Police Department on behalf of themselves and others similarly situated members of the Westford Police Association (hereinafter "WPA").

2. Plaintiffs bring this action for a declaratory judgment, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1939, as amended, 29 U.S.C. §201 et. seq. (FLSA).

3. Defendant's willful violations of the FLSA include, intentionally failing and refusing to pay Plaintiffs and other similarly situated employees all compensation due them under the FLSA and its implementing regulations.

### JURISDICTION

4. Jurisdiction over this action is conferred on this court by 29 U.S.C, §216(b) and 28 U.S.C. §§ 1331 and 1337.

5.  Declaratory Relief is authorized under 28 U.S.C. §§2201 and 2202.

6.  This court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b).

## PARTIES

7.  Each of the Plaintiffs and similarly situated members of WPA are employees, within the meaning of the FLSA §203 (e), of the Town of Westford and its Police Department. Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b). See attachments.

8.  The defendant, Town of Westford, Massachusetts is an employer within the meaning of 29 U.S.C. §203(d) and is the official governmental authority responsible for the organization, provision, management and operation of law enforcement within its jurisdiction.

9.  The defendant, Westford Police Department, is an employer within the meaning of 29 U.S.C. §203(d) and is an official department and agency of the Town of Agawam government authorized and established to provide the Town's law enforcement.

## FACTUAL BACKGROUND

10. Plaintiffs are not covered by the partial public safety exemption under 29 U.S.C. §207(k).

11. Plaintiffs are entitled to receive credit for time worked over forty hours in a week at time and one half.

12. On or about the Spring of 2000, the WPA through Local 326 of the International Brotherhood of Police Officers negotiated a collective bargaining agreement with the Town of Westford covering the terms and conditions of employment for the period of July 1, 2000 through June 30, 2003.

13. The collective bargaining agreement provided for a thirty-seven and one-half hour workweek for plaintiffs. The regular work period for plaintiffs is four (4) consecutive days of duty followed by two (2) days without duty. The Plaintiffs are paid on a 7-day week.

14. The collective bargaining agreements provided employees with police career incentive pay increases in accordance with M.G.L. c. 41 §108l, (commonly referred to as the "Quinn Bill"). These increases in base pay were predicated on the accumulation of points which corresponded to a particular employee's semester hour credit earned toward a baccalaureate or an associate degree.

15. The Plaintiffs were entitled to increased base pay under the career incentive provision of the Collective Bargaining agreement and M.G.L. 41 §108L.

16. The career incentive as described in paragraph 14 above was paid to the plaintiff's but was not included in the calculation of the plaintiffs regular rate of pay under 29 C.F.R. Part 778.

17. The collective bargaining agreement provided employees with Shift Differential Pay, and Longevity Pay.

18. The additional pay described in Paragraph 17 above was paid to the plaintiff's but was not included in the calculation of the plaintiff's regular rate of pay under 29 C.F.R. Part 778.

19. Defendants have miscalculated the regular rate of pay for plaintiffs under 29 C.F.R. 778.

20. On December 8, 2003 the Town of Westford was advised that it was not in compliance with the Fair Labor Standards Act and upon filing this action the Town of Westford has willfully refused to comply.

21. The defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay plaintiffs and other similarly situated employees all overtime compensation due them under the FLSA and its implementing regulations.

WHEREFORE, Plaintiffs respectfully request that this court:

a. Enter declaratory judgment that defendants have willfully and intentionally violated its statutory obligations and deprived the plaintiffs of their entitlement under the law, as alleged herein;

b. Order defendants, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payments due to each Plaintiff for hours worked since January 1, 2001;

c. Enter judgment under the FLSA Section 216 against the Defendants for all sums found due each Plaintiff;

d. Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

e. Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid by the Defendants; and

f.  Grant such other and further relief as the court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

>  Respectfully submitted,
>  For the Plaintiff,
>  Westford Police Association,
>  By their attorney,
>
>  LAW OFFICES OF TIMOTHY M. BURKE
>
>  _____
>  Joseph P. Kittredge, Esq.
>  BBO# 548841
>  160 Gould Street, Suite 111
>  Needham, MA 02494
>  (781) 455-0707

I, MICHAEL CROTEAU, am a police officer employed by the Town of Westford, Massachusetts and hereby consent to being a plaintiff in the lawsuit against the Town of Westford to recover my unpaid wages and compensation pursuant to the Federal Fair Labor Standards Act.

1/3/04
Date

[signature: Michael Croteau]