UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CROTEAU, CHRISTOPHER LENNEY, JAMES MCCUSKER, MICHAEL PERCIBALLI, DENNIS ROGERS, WILLIAM LUPPOLD, KENNETH DELANEY, DAVID WELCH, JOSEPH WALKER, JULIE DRISCOLL, JOSEPH ERACLEO, DONALD PICK, MEGAN GUTHRIE, MARK CHAMBERS, JOEL GAGNE, GREGORY MARHAND, CHRISTOPHER RICARD, MARC PROIA, JAMES PELOQUIN, RONALD PAULAUSKUS, HERVEY COTE, STEVEN KEINS, DANIEL O'DONNELL, JR., SCOTT HYDER, and ALL OTHERS SIMILARLY SITUATED<br><br>**Plaintiffs**<br><br>v.<br><br>**TOWN OF WESTFORD and WESTFORD POLICE DEPARTMENT**<br><br>**Defendants** | CIVIL ACTION NO. 04-10128-EFH |

## ANSWER

1. Admitted that the named Plaintiffs are current employees of the Westford Police Department. On information and belief, the named Plaintiffs are members of the Westford Police Association. Defendants are without sufficient information to admit or deny the remaining averments in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint constitutes a description of the action to which no response is required.

3.   Denied.

4-6.   Paragraphs 4-6 of the Complaint constitute conclusions of law to which no response is required.

7-9.   The Defendants admit that the named Plaintiffs are employees of the Westford Police Department. The remaining averments in paragraphs 7-9 of the Complaint constitute conclusions of law to which no response is required.

10.   Denied. All Town of Westford police officers are "covered" by 29 U.S.C. §207(k).

11.   Denied. Paragraph 11 of the Complaint constitutes a conclusion of law to which no response is required. By way of further answer, Plaintiffs are entitled to overtime compensation only to the extent mandated by the FLSA, including but not limited to, the provisions of 29 U.S.C. Section 207(k). Further answering, some of the plaintiffs are subject to other statutory exemptions.

12.   Admitted.

13.   Admitted in part, denied in part. Defendants admit that the Plaintiffs work an average of 37.5 hours per week based upon a schedule of 4 days on duty and 2 days off. Defendants admit that Plaintiffs are paid weekly. The remaining allegations of paragraph 13 are denied.

14.   Admitted in part, denied in part. Defendants admit that the collective bargaining agreement provides for educational incentive payments pursuant to G.L. c.41, §108L. The remaining averments in paragraph 14 of the Complaint are denied.

15.   Admitted in part, denied in part. The Defendants admit that Plaintiffs receive educational incentive payments pursuant to the parties' collective bargaining

agreement. The remaining averments in paragraph 15 of the Complaint are denied.

16. Denied.

17. Admitted.

18. Denied.

19. Denied.

20. Admitted in part, denied in part. Admitted that Plaintiffs' counsel wrote to Defendants' counsel on December 8, 2003 alleging that the Town was not in compliance with the FLSA. The remaining allegations in paragraph 20 of the Complaint are denied.

21. Denied.

Wherefore, the Defendants respectfully request that the Court dismiss the Plaintiffs' Complaint, enter judgment in favor of the Defendants, and award Defendants such relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails in whole or in part, to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Town, pursuant to the parties' collective bargaining agreement, provides more overtime compensation than what the FLSA requires. Having established the law enforcement exemption found at 29 U.S.C. §207(k), the Town's payment of more generous contractual overtime offsets and eliminates any FLSA overtime liability.

### THIRD AFFIRMATIVE DEFENSE

Town of Westford Police Sergeants are exempt from the overtime protections of the FLSA because they are supervisory employees and satisfy the executive exemption found at 29 U.S.C. §213(a)(1) and 29 CFR §541.1(a)-(e).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants acted, at all times material to this action, reasonably and in good faith.

Respectfully submitted,

TOWN OF WESTFORD and
WESTFORD POLICE DEPARTMENT
By their attorneys,

*/s/ Daniel C. Brown*
Tim D. Norris
BBO No. 552969
Daniel C. Brown
BBO No. 648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
781-762-2229

Dated: 5/21/04

### CERTIFICATE OF SERVICE

I hereby certify that I have this day forwarded a copy of the foregoing document, via facsimile and first class mail, postage prepaid, to Joseph P. Kittredge, Esq., Law Offices of Timothy M. Burke, 160 Gould Street, Suite 111, Needham, MA 02494.

*/s/ Daniel C. Brown*  5/21/04
Daniel C. Brown                                   Date

4